**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:08-CV-28**

**VICKI HURLEY and**
**DAVID HURLEY**                                                                                           **PLAINTIFFS**

**v.**

**JEFFREY W. BYASSEE, KENNETH R. BYASSEE,**
**JEFFREY W. BYASSEE as Executor of the Estate of**
**RUSSELL W. BYASSEE, Deceased, LISA BYASSEE**
**and GINGER BYASSEE**                                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs' Motion in Limine (Docket #43). Defendants have not responded. This matter is now ripe for adjudication. For the following reasons, Plaintiffs' Motion in Limine is DENIED.

**BACKGROUND**

Plaintiff Vicki Hurley, Defendant Jeffrey Byassee, and Defendant Kenneth Byassee are the children of Russell and Patricia Byassee, who are both deceased. Russell and Patricia held three tracts of land as tenants in common in Hickman County, Kentucky. When Patricia died intestate in 1987, Vicki asserts that she inherited a one-sixth interest in these tracts.

After her mother's death, Vicki's relationship with her father became strained. Sometime in the spring of 1988, Vicki and Russell had an argument over money Vicki wanted to pay for college. Prior to Patricia's death, two bank accounts existed in Vicki and Patricia's names. Vicki withdrew $8,000 from one of these accounts to pay for college, although Russell did not want her to take this money. Jeffrey and Kenneth were present at this "meeting" between Vicki and Russell, and allege that Russell told Vicki to return the money or keep it in lieu of her

farmland inheritance.  Jeffrey and Kenneth also allege that Vicki decided to keep this cash with the understanding that she was forfeiting any interest in the real estate.  Vicki asserts that she never agreed to convey any of her real property interests inherited from her mother.  Both parties agree that no writing exists to document these affairs.

Russell Byassee remarried a woman named Hazel Byassee.  In a deed dated July 14, 2003, Russell conveyed the three tracts of land to Jeffrey and Kenneth.  In 2004, Russell died testate, leaving his estate in equal shares to Jeffrey, Kenneth, and Vicki.  Hazel Byassee sued the three children in Hickman Circuit Court to obtain her marital interest in Russell's estate.  At this point in time, Jeffrey and Kenneth (but not Vicki) signed the following "Agreement":

> JEFFREY W. BYASSEE and KENNETH R. BYASSEE, for and in consideration of resolving the litigation related to the Estate of Russell W. Byassee and in consideration of the agreement of their sister, VICKI JO HURLEY, not to file any cross claim against them, and in complying with the intent of their father, Russell W. Byassee, agree that after the payment of any income taxes, any balances due Mrs. Hazel Byassee and the portion of the cost of any litigation relating to the personal intangible property hereinafter set out, the intangible personal property, including dividends, interest or growth, will be divided one-third (1/3) each among JEFFREY W. BYASSEE, KENNETH R. BYASSEE and VICKI JO HURLEY . . . THIS AGREEMENT is binding upon the undersigned, their heirs, successors, administrators and assigns.

This agreement was prepared by Jeffrey and Kenneth's attorney, signed, and delivered to Vicki's attorney.  Vicki did not sign and return the agreement.  The agreement references Russell Byassee's bank and investment funds.

Vicki asserts that no cross claims were filed in the Hazel Byassee lawsuit.  The lawsuit was settled, but Vicki did not receive any share of the bank and investment accounts.  Vicki asserts that Jeffrey and Kenneth refused to distribute her share of these accounts unless she quit-claimed her interest in the real estate.  Vicki then filed the present action, in which she seeks

partition of the real estate and a one-third share of the investment accounts. Jeffrey and Kenneth have counterclaimed. Vicki now seeks to exclude the alleged agreement between her and Russell, as well as any parol evidence surrounding the agreement to give Vicki a one-third interest in the personal property.

## DISCUSSION

### I.     The Alleged Agreement to Convey Real Property

First, Plaintiffs move to exclude any evidence relating to the alleged agreement between Vicki and Russell regarding Vicki's interest in the family's real estate. Plaintiffs argue that the statute of frauds precludes evidence of this agreement. According to Kentucky's statute of frauds, "No action shall be brought to charge any person . . . [u]pon any contract for the sale of real estate . . . unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith . . . ." Ky. Rev. Stat. Ann. § 371.010. In a prior Order ruling on Plaintiffs' motion for partial summary judgment, the Court found that the statute of frauds was irrelevant, as the alleged agreement between Vicki and her father was not an enforceable contract. However, evidence of the alleged agreement is relevant to the beliefs and intentions of the parties, and the availability of equitable remedies. Therefore, Plaintiffs' motion to exclude evidence of the alleged agreement is denied.

### II.    The Agreement to Divide Personal Property

Plaintiffs next argue that the written "Agreement" between Vicki, Jeffrey, and Kenneth was completely integrated, and any parol evidence regarding the "Agreement" should be excluded. In particular, Plaintiffs wish to exclude any evidence that Vicki promised to give up

3

her interest in real estate in exchange for a one-third interest in the personal property. In its prior Order, this Court found that there was a genuine issue of material fact as to whether or not Vicki ever accepted the agreement. Because the Court has not found that an agreement existed, a ruling that any parol evidence relating to that alleged agreement is premature. Plaintiffs' motion is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine is **DENIED.**